Well, we appreciate everybody's cooperation in these unusual methods of talking to one another. We are ready for argument, and if I mispronounce things, I apologize. We're Cipolla v. Team Enterprises, and Mr. Weissman, if you're ready, you may begin. Thank you. That's not the case that I had. They've sent me several different... We had a request from counsel in this case to be heard first, and we granted that request, so... What case was this? They were originally down the docket some... Okay, so this is going to be the TELUS Inc. case? No, Cipolla v. Team Enterprises. This is the one about the motion to compel arbitration. Yeah, I got it. Okay. Okay, thank you. Okay. Yes. All right. Thank you for accommodating me this morning. I do appreciate it. I'd like to reserve five minutes for rebuttal. You'll have to keep track of your time. I will do that. Thank you, Your Honor. I'd like to start... I would start by saying I think the matter's been fully briefed, and I won't belabor most of the briefing, but I would like to just draw attention to a few points. And I'd like to start with page two of plaintiff's opposition brief filed with this court, in which it says, quote, This is a necessary statement from the plaintiffs because they did not, in any portion of the proceedings below, address the delegation clause. And so their only strategy is to assert waiver or abandonment. The question really becomes, when did that abandonment happen? According to plaintiffs, it happened in their moving papers, and it happened when they anticipated and addressed what they believed plaintiffs would argue. And if you look at the motion to compel, I apologize, I'm not used to the camera, so I stepped forward. But if you look at the motion to compel, page 14, it's page 36 of the administrative record, there is a section C. The first sentence states, Plaintiffs might argue that the agreement is unconscionable. That is not a waiver. That argument, anticipating and addressing what they believe plaintiffs will say, is not a waiver or abandonment. If it is, then a moving party is never able to anticipate and address the opposing party's arguments in its moving papers at the risk of abandoning the argument that they have made in their briefing. Counsel, I had a question. The district court at one point, I believe, if I'm remembering this right, said that failure to raise the issue in the reply brief was a form of waiver or abandonment, even though delegation was raised in the motion to compel arbitration. If I'm remembering that correctly, what is your response to that? And if I'm not, I'd appreciate the correction. Yes, thank you, Your Honor. On page 3 of the motion granting the stay in part pending appeal, which is page 100 of the administrative record, the trial court acknowledged that Thiem raised the arguments that the arbitration agreement was valid and enforceable, but then says Thiem, quote, only made a passing reference to the delegation provision and didn't raise it in the reply or at oral argument, and then says, quote, having considered the matter abandoned, the April 7th order proceeded to address plaintiff's arguments regarding the unconscionability of the arbitration agreement. So the question that you're asking is, is a reply failure to raise the delegation clause in reply waiver, we would say, or abandonment, no. We have no obligation in a reply to reply to nothing. If they didn't raise it in the opposition, the delegation specifically, there was nothing to reply to. And if you look at the United States Supreme Court's Renta Center case, 561 U.S. Reports at page 72 and 73, the Supreme Court says quite clearly that the plaintiff has the obligation to raise the delegation clause specifically in its opposition or it's uncontested. So they did not contest it in the opposition, and therefore we have no basis or reason to reply to something that wasn't contested. So we don't agree. Isn't it a familiar feature when you're objecting to venue or personal jurisdiction where there's a removal issue, that if you don't want an issue to be decided in that forum, that you run the risk if you press ahead and ask for and get the ruling that you will have abandoned your personal jurisdiction waiver. Why shouldn't we apply the same rule here to the delegation issue? You raised it in the motion. It is there. But then it was never heard from again, and you pressed ahead for the substantive ruling that's inconsistent with the maintenance of that defense. Why shouldn't we treat this like a personal jurisdiction? You've waived it by getting the merits ruling. Well, we don't agree with that, and I would say two things. First, we didn't push ahead and seek a ruling on the merits. We again argued, anticipated and argued what we believed that the plaintiffs would say. We never abandoned our position that the agreement was enforceable first, that the agreement covered the subject matter. No, but under Renner Center, we have to treat the initial delegation to the arbitrator of even the threshold issue as a separate arbitration agreement. So focusing on that, you did press ahead and get the ruling on the merits of that issue that's subject to that sort of separate Renner Center agreement. That's the merits I'm focused on. Well, Your Honor, what you're doing is you're shifting the burden from plaintiffs to oppose delegation to defendants, and that's not what Renner Center says. It's not what the other cases we cited in our brief, our reply brief, page 13 of our reply brief to this court say, the Lakeham v. U.S. Security Association's case or the Shams v. CVS Health case. You are, in effect, saying they are absolved from their failure to even raise delegation because we didn't continue to press it, an issue they didn't oppose, either in reply or an oral argument. When they have the burden of proof to at least say delegation is at issue, they did not. So you had no obligation to remind Judge Alsup that you did not want him to decide this issue while you argued the issue at a hearing in front of him? You didn't have to tell him, by the way, I don't want you to decide this, but if you go ahead, here's what to do. You showed up and asked him to rule on it. He felt sandbagged, I think, justifiably by that. Well, he never asked about it. I don't, I just, I guess, disagree with your characterization and still believe that what you're saying is the burden is on defendants. I don't think there's a legal burden. Maybe as a strategic matter we should have reminded him, by the way, you don't have authority to do this. But that doesn't change whether there's a legal obligation for the plaintiffs to address the delegation clause, specifically oppose it in some manner. They've never raised it, not once in the proceedings. They didn't raise it at oral argument. They didn't raise it in their opposition. The court never asked about it. If you had won on the merits of this issue, would you then insist that it still have to go to the arbitrator? I can't answer that. I don't know. I would say it would be speculative. I think as a practical matter, probably no. That's just a basic reality. But I don't think that should be determinative of what the law is on waiver and abandonment. The issue here is abandonment. Did we abandon by raising an issue in our moving papers that was unopposed by the other side? And I don't think the answer to that could be yes, because then that actually just sandbags moving parties, because now they're put in the position of having to either not address the opposition's arguments, anticipate those arguments, or they have an affirmative obligation throughout the proceedings to keep going back to the arguments that are unopposed. And I don't think the law requires that or places that burden on moving parties. It wasn't that complicated or difficult for them to have raised the issue of the delegation clause. They chose not to do that, and we considered it waived and moved on. We replied to what they raised in their opposition in our reply brief. And so I don't really have further comments and I guess would reserve the rest of my time for rebuttal unless the court has other questions. All right. Thank you, Your Honor. We'll hear from Mr. Nemeroff. You're not on. We need your audio. My apologies. You're on now. You're on now. Thank you. May it please the court, George Nemeroff, appearing on behalf of plaintiffs' appellees, Felicia Fisipola and Alexis Wood. Your Honors, a district court's determination that a party waived an issue is reviewed for an abuse of discretion. In this case- Counsel, let me- It seems to me that waiver goes the other way here in the following sense. The moving papers said, as a legal matter, there's a delegation clause that requires this issue to be decided by an arbitrator. And the response said nothing in opposition to that on that issue. So why isn't that a waiver on your client's part of any right to argue that it's incorrectly stated in the moving papers? Well, Your Honor, we analyzed the issue and we saw that within defendant's papers, they weren't actually seeking the relief that they purport to seek now after the fact in these proceedings. But Counsel, you never said that to the district court in your papers. You didn't say, well, this isn't really- they're not really asking for a delegation decision because X, Y, and Z. Or there is no enforceable delegation. None of that, at least as I recall, is in your response to the original moving papers. Am I wrong about that? Your Honor, we did not address the delegation clause in our papers because we saw that there was no affirmative statement seeking relief in their notice of motion, the introduction to their brief, the statement of issues to be decided, the factual and procedural background, the conclusion, the prayer for relief. They did not raise the delegation clause in the reply brief. They did not raise it at oral argument. In fact, to highlight the relief that they were seeking, Your Honor- But for whatever reason, I'm correct that you did not raise it at all in your- what you're telling me now was not what you told the district court at the time. Am I right? I don't think we're required to highlight- That's a yes or no question. What you're arguing now was not argued to the district court. Is that correct? We did not argue the delegation clause to the district court. Okay. But what relief that the defendants actually- the reality is that defendants, the relief that they did seek at the district court, and to quote defendants at the outset of their oral argument was, to the extent that the court does find that any provisions are problematic, defendants respectfully ask the court exercise its power to either limit or sever the provisions within the arbitration agreement. On the merits, actually, that's a question that I have. If we're to reach the merits, why aren't these provisions, assuming they are unconscionable, why aren't they severable fairly easily? Well, the court exercises discretion pursuant to California Civil Code 1670.5a, which permits its discretion to review an arbitration agreement and either sever or refuse to enforce the agreement. In this case, the court looked at this agreement as a whole and noticed that and saw that there was a systematic effort to impose an inferior forum as arbitration onto the plaintiffs in this instance. For example, the bilateral fee shifting provision violated Armendariz's requirement that no costs that would not be imposed on the plaintiffs in litigation are present here. In that case, there was a bilateral fee shifting provision that violated, that ran afoul of 1194 of the labor code in California as well as 1670.5. In addition to that, the arbitration agreement attempted to impose a one-year statute of limitations on claims, wage claims that typically have a three- or four-year statute. I understand all that, but that doesn't really respond to why it wouldn't be an abuse of discretion not to simply sever the offending portions. Well, the court can look to many different circumstances for why it chose not to sever. In this case, it saw three provisions that it thought were particularly offensive in this instance. It exercised its discretion to sever and comment that the remaining husk of the agreement would look like Swiss cheese. There would be so many holes in it. The court indicated that, or signaled that, this reflected a systematic effort to impose an inferior form on the plaintiffs, and it most likely identified the public policy reasons that were cited in our brief at, I believe, the Cases Kapili v. Finish line, which frowned upon employers imposing one-sided arbitration agreements and then having courts be required to hack away at unconscionable provisions until they reach an agreement that looks suitable to the court and complies with the law. Judge Alsup obviously looked at this agreement and thought that this was a nefarious effort by Team Enterprises, in this instance, to put defendants in a position where their rights were seriously abridged under California law, and I think that's probably what motivated him to refuse to enforce the agreement. Tell me, is it true that neither party made any arguments specific to the delegation provision? Plaintiffs did not make any arguments specific to that. I said either party. I said either party. Please answer the question. Is it true that neither party made any arguments specific to the delegation provision? Neither party developed the delegation clause issue for the court to rule on in this instance. Well, why shouldn't we send it back and let the judge rule on the issue? Well, I think there's a public policy interest here in preventing an appellant, such as Team Enterprises in this case, from not making the arguments to the court to seek the ruling that it's seeking in this instance, and then allowing the courts, the appellant courts, the Ninth Circuit in this instance, to serve as a backstop for their failure to assert their legal arguments to get the ruling. But they did. It was in the moving papers, and you didn't respond to it, so it was there for the court to rule on. The court, it seems to me at least, just speaking for myself, made a mistake by missing an issue that had been presented to it. That's my problem with it. It seems to me it's a lawyer's obligation. I've been a district court judge, and there's a pile in front of you, and you expect the lawyers, if this is as important an issue as you are arguing it to us, it's their responsibility to call the attention of the district judge that they didn't do it. Don't we have an obligation to send it back and let the district judge look at it in the first instance? Well, in this case, the defendants, the appellants in this case, they raised the issue, but then they took the contrary position, and they spilled a lot of ink, three-plus pages of their opening brief addressing the merits of the case. So they took a gateway issue here, they opened the gate, they closed it behind them, and wanted the court to issue a decision on the merits, as you can see in the oral argument transcript. The defendants had the opportunity to have the court resolve this gateway issue, but they abandoned that issue, as also noted in the stay order, and then proceeded to seek and argue an issue on the merits. And frankly, had they obtained the decision that they wanted, finding that their arbitration agreement was not unconscionable, they surely would have been happy with that result, and they would have proceeded to arbitration and showed the arbitrator their decision here. They would have potentially used this favorable decision from the district court in future litigation if their arbitration agreement was ever challenged again. Defendants had a legal strategy, and that rule would have failed. And you might have argued at that point that the district court should have first ruled on this issue, just in case the arbitrator gave you a better answer. The issue was raised in the case, and so saying what the incentives are to pursue that is interesting, but really, to me, not as positive, where the issue is raised and the court simply didn't rule on it. Well, I direct the court to the general statement in Conservation Northwest v. Sherman, citing Mercury Interactive, stating that district court, appellate courts, are not inclined to rule on issues on appeal that weren't raised or developed in the district court proceedings. And plaintiffs, appellees in this instance, would repeat their arguments that the defendant, the appellant in this instance, did not properly develop the delegation clause issue for the district court to rule on, and I believe Judge Alsip in this instance agreed to that extent based on his comments in the stay order. So if the court has any further questions, I'll be happy to answer them. It does not appear that we do, and Mr. Weissman, you have some rebuttal time if you wish to use it. Yes, thank you, Your Honors. Just a few things. This is a timing issue, I think, and that's the crux of the matter. Mr. Nimrod, I apologize, I just butchered your name. Nimrod, plaintiff's counsel. Nimrod, yes. Nimrod, sorry, my apologies, is arguing that we didn't develop something that we raised in our moving parties and he doesn't address. I'm looking at your notice of motion. Does it say anywhere in this notice of motion that the delegation issue, that the arbitrator has to decide the issue of enforceability, is that mentioned in your notice of motion? It is not mentioned in the notice of motion. And then you have statement of issues to be decided right at the beginning of your motion. Did you mention the delegation issue there? Did you tell Judge Alsip in the statement of issues to be decided that the issue of enforceability had to go to the arbitrator? I don't believe that we did, no. What you did is you had literally just three sentences which are buried in the third subsection of a section that's entitled the arbitration agreement is valid and enforceable, and it has two subsections on the merits, and then a third subsection, oh by the way, this would go to the arbitrator, and then it was never mentioned ever again, and you got the merits ruling that you wanted, you got the merits ruling you didn't want, and then all of a sudden you haul this out. Is that how we normally allow parties to proceed to objective venue? I don't know the answer to that, Your Honor, to be honest. I'm not well versed in venue. What I can tell you is this. The section B3, page 14 of the motion to compel, page 36 of your record, frankly lays out the issue sufficiently. It follows IRAC. It states the issue. It cites the rules citing the Supreme Court decision. It applies that rule to the actual language of the agreement. That's the analysis, and it reaches the conclusion. Had they said something at any point in the proceedings, I am sure that we would have addressed it, but they never did, and now again we are being put, the defendants are being put to the task for not further addressing something that from their perspective plaintiffs had abandoned or left uncontested without any sense of... Really, is it a reasonable reading of the plaintiff's behavior that they wanted the issue of enforceability to go to the arbitrator? Was there anything in their behavior that indicated acquiescence in that? Not at all, Your Honor, but the problem is they bear the burden of contesting the arbitration agreement, and I would refer you back again to the Supreme Court's decision in Renta Center and the other cases that we cite on page 13 of our reply brief that are very clear that the plaintiff must specifically contest the delegation clause. They did not do that. They contested five things, that the agreement was take it or leave it, had an illegal attorney's fees clause, there was an improper choice of law provision, there was a shorter statute of limitations, and it was subject to unilateral modification. That's in their opposition brief. It's pages 71 to 77 of the record. Not once did they raise the delegation clause, and again what they're saying is they didn't have any obligation to raise the delegation clause in opposition because we had already abandoned it in our moving papers. So the reply and the oral argument is after the fact thinking because their position is actually we abandoned it even before they said anything, and I don't think that is true at all, and if that is true then it means parties in their moving papers cannot anticipate and address the opposing parties' arguments and do their best to explain to the court in advance why they think they're wrong. And I don't think that's the law. I don't think it should be the law. I would say two other things quickly in the last 30 seconds. The relief issue is a red herring. The relief sought was compel this case to arbitration. It was not specifically broken down by the subset of this is a binding agreement, this is a valid and enforceable covering of the claims. It was just compel this to arbitration and then that was explained. So without, I'm out of time, but thank you, Your Honors. Counsel, we appreciate the arguments from both of you. They've been very helpful and the case just argued is submitted. Thank you. And we will return in five minutes with the next case. Thank you. Thank you.
judges: Wallace, Graber, Collins